IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-74-D-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ERVIN MONTEZ ALSTON, JR., ) | |
| ) | |
| Defendant. ) | |

On January 26, 2022, Ervin Montez Alston, Jr. ("Alston" or "defendant") moved to appoint counsel [D.E. 332]. On March 11, 2022, Alston moved pro se for resentencing [D.E. 338]. On April 6, 2022, the court ordered the government to respond [D.E. 340]. On May 11, 2022, the government moved to dismiss [D.E. 348] and filed a memorandum in support [D.E. 349]. On June 7, 2022, Alston moved again for resentencing [D.E. 354]. On July 8, 2022, Alston moved again to appoint counsel [D.E. 360]. As explained below, the court grants the government's motion to dismiss, dismisses Alston's motions for resentencing, and denies Alston's motions to appoint counsel.

I.

Alston and his codefendants were gang members and committed numerous violent robberies in Durham and Raleigh, North Carolina. See Presentence Investigation Report ("PSR") [D.E. 189] ¶¶ 10–24. During one robbery, Alston and his codefendants broke into a home brandishing weapons and robbed a family in their apartment. See id. at ¶¶ 12–15. When the family stated that they had no money, one of the codefendants took a four-year-old girl into the bathroom, began running bath water, and stated that he would drown her if the family did not give them the money. Id. at ¶ 13. When one of the family members attempted to save the child, another codefendant stuck her with

his gun and then held her on the ground with his knee, pointed his gun to her head, and told her that he would kill her. Id. at ¶ 13. Another codefendant later shot one of the family members (Mark Daye) twice in the leg as Daye tried to escape. Id. at ¶ 14.

On August 5, 2016, pursuant to a written plea agreement, Alston pleaded guilty to Hobbs Act robbery (count two) and discharging a firearm during and in relation to a crime of violence and aiding and abetting (count three). See Plea Ag. [D.E. 102] ¶ 3; Rule 11 Tr. [D.E. 246] 17–32. On February 6, 2017, the court held Alston's sentencing hearing and adopted the facts set forth in the PSR. See [D.E. 201]; Sentencing Tr. [D.E. 231] 4–7. The court then calculated Alston's offense level to be 33, his criminal history category to be I, and his advisory guideline range to be 135 to 168 months' imprisonment on count two and 120 months' consecutive imprisonment on count three. See Sentencing Tr. at 4–7. The court considered and granted the government's motion for a downward departure. See id. at 7–8. The court thoroughly considered all relevant factors under 18 U.S.C. § 3553(a) and sentenced Alston to 72 months' imprisonment on count two and 120 months' consecutive imprisonment on count three for a total term of 192 months' imprisonment. See id. at 18–21. Alston appealed. See [D.E. 209]. On April 7, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Alston's sentence. See United States Alston, 789 F. App'x 386, 387 (4th Cir. 2020) (per curiam) (unpublished).

In his resentencing motions, Alston argues that his conviction for Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). See [D.E. 338, 354]. Thus, Alston argues that this court should vacate his conviction and sentence under 18 U.S.C. § 924(c). See id. The government moves to dismiss Alston's motion for failure to state a claim upon which relief can be granted. See [D.E. 348].

2

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The court construes Alston's motions for resentencing as a section 2255 motion because Alston makes the same collateral attack on his conviction and sentence in both. See Starbuck v. Williamsburg James City Cnty. Sch. Bd., 28 F.4th 529, 534 (4th Cir. 2022) ("[W]e liberally construe complaints even where pro se plaintiffs do not reference any source of law.") (cleaned up); Booker

3

v. S.C. Dep't of Corr., 855 F.3d 533, 540 n.4 (4th Cir. 2017).

Alston's motions are untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. at (1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). As for section 2255(f)(1), Alston's judgment became final in April 2020 when the time to petition the Supreme Court for review of the Fourth Circuit's decision expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Therefore, Alston had until April 2021 to timely file a section 2255 motion. Alston did not, however, file his first motion for resentencing until March 11, 2022, and second motion until June 7, 2022, both after a year had passed. See [D.E. 338, 354]; United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Moreover, Alston does not plausibly allege that any other timeliness provision of section 2255(f) would apply to his case. See id.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1)

4

Case 5:16-cr-00074-D   Document 382   Filed 12/06/22   Page 4 of 7

extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649-54. Alston has not alleged any such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86; United States v. Sawyer, 552 F. App'x. 230, 232 (4th Cir. 2014) (per curiam) (unpublished). Thus, Alston's motions are untimely. Cf. United States v. Miller, No. 1:07CR00044, 2017 WL 2963521, at *2 (W.D. Va. July 12, 2017) (unpublished).

Alternatively, on direct appeal, Alston failed to raise his claim that his conviction for Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). See Alston, 789 F. App'x at 386–87; [D.E. 287] 3. Therefore, the general rule of procedural default bars Alston from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Alston has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the collateral-attack waiver in Alston's plea agreement bars the claim. In his plea agreement, Alston agreed

> to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective

5

> assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

[D.E. 102] ¶ 2(c). In light of Alston's Rule 11 proceeding, the collateral-attack waiver is enforceable. See Rule 11 Tr. at 22–27; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Alston's claim falls within the collateral-attack waiver. Accordingly, the waiver bars the claim.

Alternatively, Alston's claim that Hobbs Act robbery is not a crime of violence fails as a matter of law. Hobbs Act robbery is a crime of violence under section 924(c)'s force clause. See, e.g., United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

In opposition, Alston cites United States v. Taylor, 979 F.3d 203 (4th Cir. 2020), aff'd, 142 S. Ct. 2015 (2022); [D.E. 338]. Taylor involved conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, and Fourth Circuit held that neither of those offenses was a crime of violence. See Taylor, 979 F.3d at 205. Alston's case, however, involves his guilty plea to Hobbs Act robbery, and he and his co-defendants used actual force. See PSR ¶¶ 1–8, 10–20. When rejecting Alston's appeal, the Fourth Circuit held that "the fact that Alston aided and abetted the discharge of a firearm in this case does not alter the effect of the rule in Mathis" that "[t]he substantive offense of 'Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).'" Alston, 789 F. App'x at 387 (quoting Mathis, 932 F.3d at 266). Thus, Alston's claim fails.

6

After reviewing the claim presented in Alston's motions, the court finds that reasonable jurists would not find the court's treatment of Alston's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Finally, to the extent Alston asks this court to use 18 U.S.C. § 3582(c)(1)(A) to vacate his conviction and sentence on count three based on the theory that his conviction on count two is no longer a crime of violence, the court cannot grant such relief under section 3582(c)(1)(A). See United States v. Ferguson, __ F.4th __, __, No. 21-6733, 2022 WL 17256572, at *4–6 (4th Cir. Nov. 29, 2022). Alternatively, the claim fails. See Mathis, 932 F.3d at 266.

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 348], DISMISSES petitioner's motions for resentencing [D.E. 338, 354], DENIES petitioner's motions to appoint counsel [D.E. 332, 350], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _6_ day of December, 2022.

JAMES C. DEVER III
United States District Judge